City of Pittsburgh, Appellant *v.* James F. Kownacki et al., Appellees.

Argued March 13, 1984, before President Judge CRUMLISH, JR., and Judges ROGERS, WILLIAMS, JR., MACPHAIL, BARRY and COLINS.

*Marvin A. Fein*, Deputy City Solicitor, with him, *D. R. Pellegrini*, City Solicitor, for appellants.

*Paul A. Manion*, with him, *Kevin P. Lucas, Manion, Alder & Cohen, P.C.*, for appellees.

OPINION BY JUDGE WILLIAMS, JR., April 23, 1984:

The City of Pittsburgh (City) appeals from a Court of Common Pleas of Allegheny County order dismissing appellant's exceptions and entering the decree nisi as a final order restraining the City from enforcing its prohibition of self-service gasoline stations under ordinance provisions held to contravene equal protection guarantees of the Pennsylvania and United States Constitutions.[1]

On April 3, 1978, Council amended Ordinance No. 210 of the City's Fire Prevention Code (Code) by

---

[1] *See* Pa. Const. art III, §32 and U.S. Const. amend. XIV, §1.

adding subsection (f) to Section 16.64 of the Code, thereby absolutely banning the operation of self-service gasoline stations in the City. In August 1982, appellees, owner-operators of gasoline service stations in the City, filed a complaint in equity requesting that the court (1) declare Section 16.64(f) to be unconstitutional; and (2) enjoin the City from enforcing Section 16.64(f). After holding hearings, the chancellor, in his adjudication and decree nisi, concluded that ordinance provisions banning self-service gasoline stations were violative of the equal protection guarantees of the state and federal constitutions. The City's exceptions to the chancellor's adjudication were subsequently dismissed and the decree nisi was entered as a final decree. Upon thorough review of the record and relevant case law, we affirm the common pleas court's order on the basis of the able opinion (entitled "Adjudication") of Chancellor (now Justice) ZAPPALA, published at 29 Pa. D. & C.3rd 1 (1984).

Judge CRAIG did not participate in this decision.

### ORDER

AND Now, this 23rd day of April, 1984, the order of the Court of Common Pleas of Allegheny County dated January 3, 1983, is affirmed.